[Cite as *State v. Gonzalez*, 2025-Ohio-1201.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-42 |
| v. | : | Trial Court Case No. 22-CR-864 |
| CHRISTOPHER A. GONZALEZ | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 4, 2025

. . . . . . . . . . .

CHRISTOPHER R. BUCIO, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Christopher A. Gonzalez appeals from his conviction on two counts of rape of a victim under age ten and one count of gross sexual imposition.

{¶ 2} Gonzalez alleges ineffective assistance of counsel based on his attorney's failure to appeal from the trial court's denial of his pretrial suppression motion and failure

to seek a translator for trial. He also argues that his convictions were against the manifest weight of the evidence because the victim's testimony was neither credible nor persuasive.

{¶ 3} For the reasons set forth below, we see no ineffective assistance of counsel. Gonzalez's convictions also were not against the weight of the evidence. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} The charges against Gonzalez involved alleged sexual activity with his stepdaughter ("Stepdaughter"). At his jury trial, Stepdaughter testified about three occasions when he had her perform oral sex on him and one occasion when he rubbed her vagina with his hand. Stepdaughter was 12 years old at trial, and she testified that these incidents had occurred about four years earlier. According to Stepdaughter, one act of oral sex occurred while they were in bed together. Another occurred in the basement of her house, and the third occurred in a car in a dark parking lot. The vagina-touching incident occurred when Stepdaughter encountered Gonzalez while she was wrapped in a towel after showering. Stepdaughter testified that there were "other times" when she had engaged in sexual activity with him, but she could not recall the details. She explained that it was "the same things multiple times." On cross-examination, Stepdaughter acknowledged previously having told a forensic interviewer about two different incidents of oral sex that allegedly had occurred in Gonzalez's bedroom. Stepdaughter told the interviewer "that it had happened multiple times," while only revealing to the investigator "the top two" that she then recalled.

{¶ 5} While investigating Stepdaughter's allegations, Springfield detective Sandy Fent spoke to Gonzalez, who met her for an interview. During that meeting, Gonzalez denied Stepdaughter's allegations and agreed to take a polygraph examination. Bureau of Criminal Investigation examiner Jim Slusher subsequently met Gonzalez to administer the test. During the pre-examination process, Slusher demonstrated the accuracy of the testing equipment using practice questions. At trial, Slusher testified that Gonzalez began discussing Stepdaughter's allegations after seeing that a polygraph examination accurately could detect deception. Without undergoing the examination, Gonzalez admitted to Slusher that he had engaged in one act of sexual conduct with Stepdaughter. In particular, he admitted that Stepdaughter had performed oral sex on him while they were in bed together. According to Slusher, Gonzalez claimed that he did not compel Stepdaughter to perform oral sex and that he made her stop after a few minutes. While in Slusher's presence, Gonzalez wrote a letter of apology to Stepdaughter.

{¶ 6} Following his admission to Slusher, Gonzalez met detective Fent again. During this meeting, he admitted to the detective that he had been awake when Stepdaughter performed oral sex on him in bed. Gonzalez claimed he made Stepdaughter stop after three to five minutes.

{¶ 7} Stepdaughter's mother also testified at trial. She identified text messages to her in which Gonzalez admitted that Stepdaughter once had performed oral sex on him for three to five minutes.

{¶ 8} Gonzalez called one defense witness, Austin Niday, his close friend. Niday testified as a character witness. He stated that Gonzalez had lived with him since bonding

out of jail. Niday testified that he frequently left his own three children alone with Gonzalez and that he did not believe Gonzalez would do what Stepdaughter alleged.

{¶ 9} Following the presentation of evidence, the State voluntarily dismissed one count of gross sexual imposition. Based on the evidence presented, the jury then found Gonzalez guilty on two counts of rape involving a victim under age ten and a different count of gross sexual imposition. The trial court imposed an aggregate sentence of life in prison with parole eligibility after 33 years. Gonzalez timely appealed, advancing two assignments of error.

## II. Analysis

{¶ 10} The first assignment of error states:

Defense Counsel's Failure to Appeal the Denial of Defendant-Appellant's

Motion to Suppress Evidence and/or to Provide Him with Comprehension

Assistance at Trial Constitutes Ineffective Assistance of Counsel.

{¶ 11} Gonzalez alleges ineffective assistance of counsel based on his attorney's failure to appeal from the trial court's overruling of a pretrial suppression motion and failure to seek appointment of a translator for trial.

{¶ 12} Regarding the suppression issue, Gonzalez argues that the trial court's decision was immediately appealable and that his incriminating statements to Slusher and Fent likely would have been ordered suppressed on appeal. As for a translator, he contends English is his second language and he has only a tenth-grade education. Therefore, he claims he could not adequately understand the "intricacies and nuances" of a jury trial conducted in English without assistance from a translator.

**{¶ 13}** We review alleged instances of ineffective assistance of counsel under the two-part analysis found in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136 (1989). To prevail on an ineffective-assistance claim, a defendant must show that trial counsel rendered deficient performance and that the deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus.

**{¶ 14}** Upon review, we see no viable ineffective-assistance claim. A pretrial ruling against a defendant on a suppression motion is interlocutory and cannot be appealed until a final judgment of conviction is filed. *See*, *e.g.*, *State v. B*arnes, 2003-Ohio-984, ¶ 5 (4th Dist.); *State v. Dubose*, 2005-Ohio-6602, ¶ 9 (7th Dist.). Therefore, Gonzalez's attorney did not perform deficiently by failing to pursue an immediate appeal from the adverse suppression ruling.

**{¶ 15}** We reach the same conclusion regarding defense counsel's failure to seek appointment of a translator. It does not follow that a translator was necessary even if English was Gonzalez's second language and he had a tenth-grade education. Nothing in the record supports his claim that he lacked adequate understanding of the trial proceeding. To the contrary, recordings of his interviews with Slusher and Fent depict him speaking English fluently and appearing to understand everything. Absent any indication that Gonzalez's language skills were inadequate, his attorney did not perform deficiently by failing to seek a translator. The first assignment of error is overruled.

**{¶ 16}** The second assignment of error states:

Defendant-Appellant's Convictions are Against the Manifest Weight of the

Evidence.

{¶ 17} Gonzalez contends the State's evidence did not support his convictions for rape and gross sexual imposition. He presumes that his confessions to Slusher and Fent were inadmissible and argues that the testimony from Stepdaughter and other prosecution witnesses, including Stepdaughter's mother, father, and stepmother, did not support his convictions. He asserts that the testimony from Stepdaughter's mother, father, and stepmother failed to prove his guilt. As for Stepdaughter, he maintains that her testimony lacked credibility. He also asserts that she was not naïve regarding the sexual activity alleged, as evidenced by her acknowledgment that her best friend was 19 years old.

{¶ 18} When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 19} With the foregoing standards in mind, we conclude that Gonzalez's convictions were not against the weight of the evidence. As an initial matter, we cannot ignore his confessions to Slusher and Fent. Regardless of whether those confessions

were admissible, an issue not directly addressed on appeal, manifest-weight review considers all evidence introduced at trial, even if it should have been excluded. *State v. Goings*, 2025-Ohio-485, ¶ 22 (2d Dist.) ("[W]hen reviewing claims based on the sufficiency or manifest weight of the evidence, we are required to consider all the evidence admitted at trial, regardless of whether it was admitted erroneously.").

{¶ 20} In addition to his recorded confessions to Slusher and Fent, Gonzalez admitted an act of oral sex with Stepdaughter in text messages with Stepdaughter's mother. The only other person with first-hand knowledge about what occurred was Stepdaughter. She testified at trial regarding specific incidents involving oral sex with Gonzalez and an incident where he rubbed her vagina with his hand. Although Stepdaughter previously had recalled two different incidents of oral sex when speaking with a forensic interviewer, she explained that there had been other incidents and that Gonzalez had done "the same things multiple times." Contrary to his argument, we see no inherent lack of credibility in Stepdaughter's testimony. The fact that her best friend was 19 years old fails to persuade us otherwise.

{¶ 21} Having reviewed the record, we do not find that the jury clearly lost its way and created a manifest miscarriage of justice. This is not an unusual case where the evidence weighed heavily against Gonzalez's convictions. The second assignment of error is overruled.

### III. Conclusion

{¶ 22} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HANSEMAN, J., concur.